UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ISRAEL JACOB TORRES, :
:
    Plaintiff :
: CIVIL NO. 1:CV-10-1323
    vs. :
: (Judge Caldwell)
SECURITY CAPTAIN T. P. CLARK, :
*et al.*, :
:
    Defendants :

*M E M O R A N D U M*

I. *Introduction*

On June 25, 2010, the pro se plaintiff, Israel Jacob Torres, an inmate at the Forest State Correctional Institution (SCI-Forest) in Marienville, Pennsylvania, filed this civil rights complaint alleging he received a retaliatory misconduct and was subjected to cruel and unusual conditions of confinement in retaliation for exercising his First Amendment right to free speech. Although unclear, it appears he is also asserting a due process challenge concerning the hearing on his misconduct. All of the events complained of took place while he was housed at the Frackville State Correctional Institution (SCI-Frackville), Frackville, Pennsylvania. Named as defendants are the following Pennsylvania Department of Corrections (DOC) employees: Security Captain Clark; Superintendent Wenerowicz; Deputy Superintendent Kovalchik; Deputy Superintendent Derfler; Correctional Classification Program Manager Kephart; Hearing

Examiner Luquis; and Chief Hearing Examiner MacIntyre. None of the named defendants are from SCI-Forest.

At the same time he filed his Complaint (doc. 1) and supporting exhibits (doc. 5), Torres filed a motion for a preliminary injunction, seeking separation from the defendants and an order directing them to cease retaliating against him. (Docs. 3 and 4, Mot. for Prelim. Inj. and Supp'n Br.) In July 2010, Torres notified the court of his transfer to SCI-Forest. (Doc. 9, Change of Address). On August 9, 2010, Torres filed an Amended Complaint (doc. 14) and supporting brief (doc. 15). The Amended Complaint only augments Torres' original request for relief and relies upon his original pleading for the assertion of facts upon which he seeks relief. *Id.* Torres also has filed two motions to proceed in forma pauperis. (Docs. 2 and 11).

The matter is presently before the court for preliminary screening pursuant to 28 U.S.C. § 1915. For the purposes of screening, the Court will collectively consider Torres' original complaint (doc. 1), his supporting exhibits (doc. 5) and his Amended Complaint (doc. 14) as the Complaint in this action. Based on our review, Torres' request to proceed in forma pauperis will be granted. Torres' claims against Captain Clark and Hearing Examiner Luquis will proceed. His claims against Wenerowicz, Kovalchick, Derfler, Kephart, and MacIntyre will be dismissed due to his failure to state a claim against them. Plaintiff, however, will be granted leave to file an amended complaint against these defendants. Torres' motion for a preliminary injunction will be denied.

II.  *Standard of Review*

A complaint filed in forma pauperis may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6).  The court must accept as true the factual allegations in the complaint and construe any inferences to be drawn from the allegations in the plaintiff's favor.  *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).  A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), giving the defendant "fair notice of what the ... claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)).  Although detailed factual allegations are not required, *Twombly,* 550 U.S. at 93, 127 S.Ct. at 2200, the complaint has to plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570, 127 S.Ct. at 1974.  "[M]ore than labels and conclusions" are required.  *Id.* at 555, 127 S.Ct. at 1964-65.

Pro se pleadings are held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson, supra*, 551 U.S. at 94, 127 S.Ct. at 2200.  Pro se litigants are to be granted leave to file a curative amended complaint "even when a

plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

III.   *Discussion*

    A.   *Lack of Personal Involvement of Wenerowicz; Kovalchik; Derfler, Kephart and MacIntyre*

To state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003). Personal involvement in the alleged wrongdoing is necessary for the imposition of liability in a civil rights action. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003). A supervisory defendant may be liable if he directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). A civil rights complaint is adequate if it states the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho*, 423 F.3d at 353. There is no respondeat superior liability in § 1983 actions. *Id.* Additionally, participation in the after-the-fact review of a grievance is not enough to establish personal involvement. *See, e.g.*, *Rode*, 845 F.2d at 1208 (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (per curiam)

-4-

(nonprecedential) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation); *Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005)(per curiam)(nonprecedential)(failure of prison official to process administrative grievance did not amount to a constitutional violation or personal involvement in the alleged constitutional deprivation grieved).

Based upon the above legal standards, claims against Wenerowicz, Kovalchik, Derfler, Kephart and MacIntyre are subject to dismissal. Kovalchik, Defler and Kephart, members of the Program Review Committee (PRC) are alleged to have "sustained Hearing Examiner Sharon Luquis (sic) decision and ignored all point's (sic) plaintiff made in his appeal." *Id*. at ¶ 43. Superintendent Wenerowicz is alleged to have denied Torres' grievance challenging the retaliatory misconduct (*id*. at ¶ 42) and affirmed the PRC's decision upholding the Hearing Examiner's guilty verdict on the alleged retaliatory misconduct (*id*. at ¶ 47). Chief Hearing Examiner MacIntyre's involvement is limited to denying Torres' misconduct appeal at final review. *Id*. at ¶ 49. None of the these defendants are alleged to have been personally involved in Captain Clark's retaliatory actions against him. There is no mention of their involvement in Captain Clark's issuance of the alleged retaliatory misconduct, nor are they alleged to be involved with the decision to place him in the "T-Cell". *Id*. at ¶¶ 26-28. Likewise, these defendants were not involved in Torres' misconduct hearing. *Id*. at ¶¶ 20-25. As stated, Torres' claims against these defendants fail to establish their personal involvement in the alleged illegal acts based on their after-the-fact review of the his grievances and

misconduct appeals.  Plaintiff will not be granted leave to file an amended complaint as an amendment would be futile and inequitable.  Thus this action will proceed only on the claims against Captain Clark and Hearing Examiner Luquis.

        B.        *Motion for Injunctive Relief*

Generally, a prisoner's transfer or release from prison moots his claims for injunctive or declaratory relief because he is no longer subject to the conditions he alleges are unconstitutional.  *Abdul-Akbar v. Watson*, 4 F.3d 195, 206-07 (3d Cir. 1993); *see also Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981) ("[A] prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge.").

All of the events complained of by Torres took place at SCI-Frackville.  In July 2010, Torres notified the Court of his transfer to SCI-Forest.  *See* Doc. 9.  There is nothing in the record to suggest that it is likely that he will return to SCI-Frackville in the foreseeable future.  Consequently, plaintiff's request in his complaint for injunctive relief, as well as his pending motion for preliminary injunctive relief (doc. 3), are moot and will be dismissed.  *See Fortes v. Harding*, 19 F. Supp. 2d 323, 326 (M.D.Pa. 1998) ("Fortes' transfer to another institution moots any claims for injunctive or declaratory relief.").  However, the Court recognizes that a prisoner's transfer or release does not moot his claim for damages.  *See Muslim v. Frame*, 854 F. Supp. 1215, 1222 (E.D. Pa. 1994) ("an alleviation of an alleged unconstitutional condition does not moot a prisoner's claim for actual and punitive damages.").

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 8, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ISRAEL JACOB TORRES, :
:
    Plaintiff :
: CIVIL NO. 1:CV-10-1323
    vs. :
: (Judge Caldwell)
SECURITY CAPTAIN T. P. CLARK, :
*et al.*, :
:
    Defendants :

*O R D E R*

AND NOW, this 8th day of October, 2010, upon review of the Complaint, Exhibits, and Amended Complaint (docs. 1, 5 and 14) under 28 U.S.C. ¶ 1915(e)(2)(B)(ii), it is ordered that:

    1. Plaintiff's Motions for leave to proceed in forma pauperis (docs. 2 and 11) are construed as a motion to proceed without full prepayment of fees and costs, and are granted.

    2. Torres' claims against Superintendent Wenerowicz; Deputy Superintendent Kovalchik; Deputy Superintendent Derfler, Program Manager Kephart; and Chief Hearing Examiner Robert MacIntyre are dismissed for failure to state a claim.

    3. Torres' Motion for a Preliminary Injunction (doc. 3) is denied as moot based on his transfer to SCI-Forest.

                         /s/William W. Caldwell
                          William W. Caldwell
                          United States District Judge