IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISRAEL JACOB TORRES, | : |
| | : |
| Plaintiff | : |
| | : CIVIL NO. 1:10-CV-1323 |
| v. | : |
| | : (Judge Caldwell) |
| SECURITY CAPTAIN T. P. CLARK, | : |
| *et al.*, | : |
| | : |
| Defendants | : |

*M E M O R A N D U M*

I.   *Introduction*

Israel Jacob Torres, an inmate formerly housed at SCI-Frackville, alleges various SCI-Frackville prison personnel retaliated against him after they construed a letter he wrote criticizing Corrections Officer (CO) Blankenhorn as threatening.  Torres claims he was issued a false and retaliatory misconduct for threatening an employee with bodily harm and using abusive, obscene or inappropriate language to an employee as a result of his literary venting of his frustrations about CO Blankenhorn.  After a hearing examiner found him guilty of both charges, sanctioned him to ninety days of disciplinary custody, he was placed in the institution's psychiatric observation cell (POC), or "T-Cell," for six days where he endured unsanitary conditions of confinement.  Doc. 29, Second Am. Compl.

Presently pending before the court are two discovery-related motions filed by Torres.  *See* Docs. 53 and 60.  For the following reasons, Torres's motions will be denied.

II.   *Relevant Legal Standards*

It is well settled that Fed. R. Civ. P. 26 establishes a fairly liberal discovery policy.  The Federal Rules of Civil Procedure allow discovery on any relevant, non-

privileged material that is admissible or reasonably calculated to lead to admissible evidence. *See* Fed. R. Civ. P. 26(b) (1). Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51, 98 S.Ct. 2380, 2398, 57 L.Ed. 253 (1978). However, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Id.* Discovery may be properly limited where

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information sought by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

Fed. R. Civ. P. 34 requires that a party served with a document request either produce the requested documents or state a specific objection for each item or category objected to. The burden is upon the party objecting to discovery to state the grounds for the objection with specificity. Fed. R. Civ. P. 33(b) (4); *Momah v. Albert Einstein Medical Center*, 164 F.R.D. 412, 417 (E.D. Pa.1996). "Mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice." *Id*. (*quoting Josephs v. Harris Corp*., 677 F.2d 985, 992 (3d Cir.1982)). The objecting party must demonstrate in specific terms why a particular discovery request does not fall within the broad scope of discovery or is otherwise

privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982). The party attempting to withhold the release of relevant material on the grounds of privilege must also "describe the nature of the documents, communications, or other tangible things not produced or disclosed . . . in a manner that . . . will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Once an objection has been properly articulated, the burden rests with the party seeking discovery to show that a discovery request lies within the bounds of Rule 26. *Momah,* 164 F.R.D. at 417. Then, the party opposing discovery must convince the court why discovery should not be had. *Id*. (*citing Amcast Indus. Corp. v. Detrex Corp.*, 138 F.R.D. 115, 118-19 (N.D. Ind. 1991)).

If the party served fails to respond adequately to a document request, the serving party may file a motion to compel under Rule 37(a).   *See* Fed. R. Civ. P. 34(b), 37(a) (1)(B). Issues relating to the scope of discovery permitted under the Rules rest in the sound discretion of the Court. *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983).

III.    *Discussion*

        A.    *Torres' s Motion to Amend/Motion to Compel* (Doc. 53).

The first motion seeks to amend the complaint to add Christina Kennedy, the Assistant to the Superintendent at his present facility, as defendant due to her continued refusal to allow him access to discovery documents, as well as to compel the production of the discovery material she has in her possession. *See* Doc. 53. The discovery documents

in question were the subject of Torres's first motion to compel. The court resolved that motion on April 25, 2011, when we advised the parties to cooperate in resolving the logistics of the actual production of the documents for Torres's review at the prison. *See* Doc. 49. Apparently, as of May 12, 2011, when Torres filed the current motion, he had requested access to the documents without any response from Ms. Kennedy. *Id*. However, two days after filing the motion, Torres concedes he was "allowed to view and copy [the discovery] documents" and "viewed [the] DVD". *See* Doc. 54. Accordingly, to the extent the production of the documents was at issue, the motion is now moot. To the extent Torres seeks to add Ms. Kennedy as a defendant to this action due to her alleged retaliation for his filing of lawsuits, the motion is denied without prejudice to Plaintiff's filing a separate action against Ms. Kennedy.

        B.      *Torres' Third Motion to Compel* (Doc. 60).

In his third motion to compel, Torres challenges the adequacy of the defendants' responses to his interrogatories and request for production of documents. The court will review each contested discovery request.

    *1. T-Cell grievances*

Torres requests that defendants produce "all grievances filed against the conditions of the T-Cell from January, 2009 threw (sic) April 2011." *See* Doc. 71-1 at ECF p.2.[1] Torres argues that the production of the requested information is required because it is "habit evidence and is admissible." *See* Doc. 61, Pl.'s Decl. in Supp. of Mot. to Compel

---

[1] Unless otherwise noted, all citations to the record are to the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

-4-

Discovery at ECF p. 2.  He believes the tracking of T-Cell grievances will demonstrate the ill effects of the cell's housing conditions on inmates like himself.  *See* Doc. 68-1, Br. in Supp. Mot. to Compel at ECF p. 5.  He suggests that the production of the requested grievances will reveal that prison officials make "it a habit to torture prisoner's and other punitive reasons insted (sic) of [using the T-Cell for] its original purpose."  *Id*. at p. 6.  Defendants object to this request as overly broad and burdensome as prison grievances are not filed chronologically and not by grievance category.  Defendants also note that they do not maintain a specific record of T-Cell grievances.  *Id.*  Defendants affirm that during the twenty-seven-month time frame covered by Plaintiff's request over 1,818 grievances were filed by SCI-Frackville inmates.  As the Pennsylvania Department of Corrections (DOC) does not specifically track grievances related to the T-Cell, individual review of each of the grievances would be required in order to determine their compliance with the request.  Defendants argue that this task is unduly burdensome for information which would not be relevant to the action.

Torres was housed in the T-Cell for six days in April 2010.  The court agrees with defendants that Torres's request for twenty-seven months of grievances related to the T-Cell is overly broad and burdensome.  The burden of discovering if inmates, other than Torres, grieved their conditions of confinement in the T-Cell outweighs the little relevance the grievances would have to Plaintiff's claims that the conditions he endured while housed there were unconstitutional and caused him physical or mental harm.  The court has additional concerns that if the T-Cell is also used as a psychiatric observation cell, that disclosure of the requested grievances may disclose mental-health information about one inmate to another.  Accordingly, Plaintiff's motion to compel a supplemental response to

this request for production of documents is denied.

### 2. Interrogatory 5 - Re: Alleged Threatening Letter

Torres attached a copy of the allegedly threatening letter to an interrogatory request addressed to Defendant Clark, asking him to "recite the set of numbers that describes the 'complete sentence' which implicates plt. in causing harm to C.O. Blankenhorn, that implicates plt. in personally wanting to harm C.O. Blankenhorn, that implicates plt. in personally planning to cause harm to C.O. Blankenhorn or order someone to cause harm to C.O. Blankenhorn."  *See* Doc. 69-4 at ECF p. 2 and Doc. 71-1 at ECF p. 7.  Contrary to Torres' assertion, Defendant Clark's answer is not "evasive" but fully reports what portions of the letter Defendant Clark found threatening and abusive.  In his response, Defendant Clark uses the line numbers provided by Torres and references line 7 and lines 35-42 of the letter as threatening and abusive.  Clark also refers Plaintiff to the misconduct Clark issued in which he quoted portions of the letter to support his charges.  *See* Doc. 71-1 at p. 7.  The portions of the letter Defendant Clark found threatening and abusive are clear from his response.  Torres' motion to compel will be denied as to this request.

### 3. Interrogatory 6 - Re: Defendant Clark's Definition of the word "Assumption"

Torres asked Defendant Clark "[i]n your own words, please describe the meaning of assumption or when someone assumes something."  *See* Doc. 71-1 at ECF p. 8. Defendant objected to this request as irrelevant and not likely to lead to admissible information.  *Id*.  Torres argues that defendant's interrogatory response is evasive because he seeks to learn Defendant Clark's interpretation of the word "assume" as used in the

letter Defendant Clark relied upon to issue him a misconduct. *See* Doc. 68-1 at ECF p. 12. Defendant Clark, in his previous interrogatory response, cites the following portion of Torres's letter as threatening and abusive:

> That fagette (sic) Blankenhorn is so desperate that he is searching everyone's mail who's in the R.H.U. in hopes of finding something with my name on it (especially those who I accociate (sic) myself with . . . If he keep's acting like he is above policy/law somebody is going to break his jaw is what I assume?!

*See* Doc. 69-4 at ECF p. 3. Defendant Clark's definition of "assume" as used by Torres in his letter is irrelevant to the matters at hand. Defendant Clark's idea of what meaning Torres was trying to convey to the reader by employing the word "assume" in this context is not relevant to whether Defendant Clark believed the letter, taken in whole or in part given his knowledge of Torres, was threatening and abusive. Torres's motion to compel will be denied as to this request.

V.    *Conclusion*

For the reasons set forth above, Torres's motions will be denied. As all discovery disputes have been resolved, and defendants will not be required to supplement their discovery responses, Torres has had ample opportunity to conduct and obtain discovery from the defendants, and he is now in a position to respond to defendants' Motion for Summary Judgment.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 13, 2011

-7-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISRAEL JACOB TORRES, | : |
| | : |
| Plaintiff | : |
| | : CIVIL NO. 1:10-CV-1323 |
| v. | : |
| | : (Judge Caldwell) |
| SECURITY CAPTAIN T. P. CLARK, *et al.*, | : |
| | : |
| Defendants | : |

*O R D E R*

AND NOW, this 13th day of October, 2011, in accord with the accompanying memorandum, it is ordered that:

   1. Plaintiff's Motion to Amend the Complaint (Doc. 53) to add Christina Kennedy as a defendant is denied.

   2. Plaintiff's Second Motion to Compel (Doc. 53) is denied as moot.

   3. Plaintiff's Third Motion to Compel (Doc. 60) is denied.

   4. Torres shall have fourteen (14) days from the date of this order to file his opposition to the defendants' motion for summary judgment.

                                                /s/ William W. Caldwell
                                                William W. Caldwell
                                                United States District Judge